> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 12,2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1483

| | |
|---|---|
| MICHAEL GOODWIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:10-cv-251-LJM-DML |
| CHARLES LOCKETT, et al., | |
| *Defendants-Appellees.* | Larry J. McKinney, *Judge*. |

**O R D E R**

Michael Goodwin, an inmate at the Federal Prison Camp in Terre Haute, Indiana, appeals the dismissal of his suit under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), alleging that prison officials violated his constitutional rights when they excluded him from a Residential Drug Abuse Program (which would have allowed him to earn good-time credits). We affirm.

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In his complaint, Goodwin alleged that prison officials violated his rights under the Equal Protection Clause and the Ex Post Facto Clause when they excluded him from the drug abuse program based on a Bureau of Prisons program statement put in effect after his sentencing. According to Goodwin, the newly enacted BOP Program Statement 5330.11 tightened the eligibility qualifications by limiting participation in the program to inmates who had evidence of substance abuse during the 12 months preceding arrest. Prison officials rejected Goodwin's application because he had no documentation of substance abuse in that period. Goodwin alleged that he would have qualified under Program Statement 5330.11's predecessor, Program Statement 5330.10 (repealed as of March 16, 2009), which allowed participation as long as an inmate could show verifiable documentation of a drug abuse problem—with no time restriction. Goodwin alleged, further, that he had documentation of substance abuse before the 12-month period.

The district court dismissed the complaint at screening for failure to state a claim. *See* 28 U.S.C. § 1915A. The court concluded that Goodwin failed to state an equal-protection claim because he did not allege facts sufficient to overcome the presumption of rationality that applied to government classification—namely by asserting that the time limitation added by Program Statement 5330.11 was not rationally related to some governmental purpose. And even if his complaint were liberally construed to allege a deprivation of due process, the court added, Goodwin did not state a claim because he did not allege a liberty interest in the opportunity to earn good-time credits.

On appeal, Goodwin contends that the district court overlooked his argument that the application of Program Statement 5330.11's more stringent eligibility requirements violated his rights under the Ex Post Facto Clause because that statement came into effect after his sentencing.

Applying Program Statement 5330.11, rather than Program Statement 5330.10, to Goodwin did not run afoul of the Ex Post Facto Clause because the lack of documentary evidence of drug abuse during the year before his incarceration disqualified him from the drug-abuse program under either program statement. A change in prison policy relating to good-time credits violates the Ex Post Facto Clause "only if it makes the punishment for a crime more onerous after its commission." *Hadley v. Holmes,* 341 F.3d 661, 664 (7th Cir. 2003); *see also Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009). Applying the 12-month period in Program Statement 5330.11 did not make Goodwin's punishment more onerous because the Bureau of Prisons, in interpreting Program Statement 5330.10, had already "adopted an unwritten policy which mandates that the prisoner's file confirm that the inmate used the same substance within twelve months prior to incarceration." *Mora-Meraz v. Thomas*, 601 F.3d 933, 937 (9th Cir. 2010). Indeed, the punishment Goodwin received (i.e., his foreclosed

opportunity to obtain good-time credits) remained unchanged because the 12-month period he takes issue with would have applied to him whether officials used Program Statement 5330.11 or Program Statement 5330.10.

                                                                                                                    AFFIRMED.